# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **WORLD MALAYALEE COUNCIL (AMERICA REGION), INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**PHILIP MARET, MATTHEW PUTHENPURACKAL, SUDHIR KOLATH, YELDHO PETER AND WORLD MALAYALEE COUNCIL AMERICA REGION UNIFIED INC.**<br><br>Defendant. | **Civil Action No. 3:23-cv-254**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff World Malayalee Council (America Region), Inc. ("Plaintiff" or "WMCAR") files this complaint against Defendants Philip Maret, Mathew Puthenpurackal, Sudhir Kolath, Yeldho Peter and World Malayalee Council America Region Unified, Inc. (collectively, "Defendants") for trademark infringement, false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), violation of the Computer Fraud and Abuse Act, and violation of the Texas Theft Liability Act.

## PARTIES

1. Plaintiff is a Texas corporation with a principal place of business at 3915 Furneaux Lane, Carrollton, Texas 75007.

2. Upon information and belief, Defendant Philip Maret is an individual residing at 406 E. Passaic Ave., Bloomfield, New Jersey 07003.

3. Upon information and belief, Defendant Yeldho Peter is an individual residing at 4335 Lakewood Dr., Pasadena, Texas 77504.

**ORIGINAL COMPLAINT – PAGE 1**

4. Upon information and belief, Defendant Mathew Puthenpurackal is an individual residing at 4122 Aldenham Dr., Garland, Texas 75043.

5. Upon information and belief, Defendant Sudhir Kaloth is an individual residing at 59 Timber Ridge Road, North Brunswick, New Jersey 08092.

6. Upon information and belief, Defendant World Malayalee Council America Region Unified Inc. is a New Jersey corporation having a principal place of business at 406 E. Passaic Avenue, Bloomfield, New Jersey 07003. It can be served with process through its Registered Agent, Philip Maret, 406 E. Passaic Ave. Bloomfield, New Jersey 07003.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121.

8. This Court has personal jurisdiction over Defendants because they have committed violations of the Lanham Act as well as acts giving rise to this suit within this judicial district.

9. Venue is proper in this district pursuant to pursuant to at least 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. Plaintiff is the owner of the federally registered design plus words mark "WORLD MALAYALEE COUNCIL," U.S. Trademark Registration No. 5,779,241 (the "Trademark") for use in conjunction with charitable services, namely, organizing and conducting volunteer programs and community service projects, a true and correct copy of which is attached hereto as Exhibit A.

11. The Trademark is for the design and words depicted below:

**ORIGINAL COMPLAINT – PAGE  2**



12. Plaintiff has expended considerable sums of money as well as the time and effort of employees and agents of Plaintiff in the development of its website and product advertisement and brochures, which use the Trademark.

13. At all relevant times, the Trademark was and is a valid mark. The registration is prima facie evidence of Plaintiff's nationwide priority and its exclusive right to use and license the Trademark in commerce.

14. The individual Defendants are each former members of Plaintiff who collectively separated from Plaintiff and, both individually and through Defendant World Malayalee Council America Region Unified, Inc., began using Plaintiff's Mark as well as its assets without Plaintiff's Consent.

15. In fact, long after Plaintiff established priority in the Trademark via its registration, Defendants began a campaign to unlawfully appropriate Plaintiff's goodwill and valuable intellectual property assets by marketing services which are similar to Plaintiff's services, targeting the same customer base as Plaintiff.

16. Defendant is using Plaintiff's Mark to promote, organize and conduct volunteer programs and community service projects. True and correct copies of flyers showing Defendants' use of the infringing mark are attached hereto as Exhibits B and C.

17. Upon information and belief, the use of the infringing mark has caused confusion among Plaintiff's customers and members.

18. On November 6, 2022, Plaintiff sent Defendants a letter notifying them that their use of the Plaintiff's Mark was unauthorized and constituted infringement. A follow up letter was sent on November 24, 2022.

19. Despite Plaintiff's notice, Defendants have continued to use Plaintiff's Mark in an infringing manner.

20. Furthermore, Defendants have been using and continue to use Plaintiff's Zoom account, Plaintiff's mailing list, Plaintiff's Facebook account, Plaintiff's WhatsApp messenger group, launchpad.com account, Plaintiff's Presidential Volunteer Service Award account and Plaintiff's email accounts without Plaintiff's permission or consent. In addition, Defendants have and continue to exclude Plaintiff from using Plaintiff's Zoom account, Plaintiff's mailing list, Plaintiff's Facebook account, Plaintiff's WhatsApp messenger group, Plaintiff's Presidential Volunteer Service Award account and Plaintiff's email accounts.

21. Additionally, Defendants removed, without Plaintiff's permission, corporate meting minutes and other corporate records.

## COUNT I – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

22. Plaintiff incorporates the allegations of Paragraphs 1 through 20 specifically by reference.

23. Defendant's use of the Trademark is a violation of 15 U.S.C. § 1114(1)(a) in that the Defendants have, without the consent of Plaintiff who is the owner of the Trademark, used in commerce a reproduction, counterfeit, copy, or colorable imitation of that registered mark in connection with the sale, offering for sale, distribution or advertising of goods and services provided by Defendant. Defendant has used the infringing mark in such a manner as is likely to cause confusion, mistake, or deceive.

**ORIGINAL COMPLAINT – PAGE  4**

24. Defendant's use of the Trademark is a violation of 15 U.S.C. § 1114(1)(b) in that Defendant has, without the consent of Plaintiff who is the registrant of the Trademark, used in commerce a counterfeit, copy, or colorable imitation of the registered mark of Plaintiff and applied such counterfeit, copy, or colorable imitation to advertisements intended to be used in commerce, in connection with the sale, offering for sale, distribution or advertising of goods or services. Defendants have used the imitation mark in such a manner as is likely to cause confusion, mistake or to deceive.

25. Upon information and belief, Defendants' acts were committed with knowledge that its imitation was intended to cause confusion, or to cause mistake, or to deceive.

26. Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and good will because Plaintiff has no adequate remedy at law.

**COUNT II – FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**

27. Plaintiff incorporates the allegations of Paragraphs 1 through 25 specifically by reference.

28. Defendants' use of the Trademark as alleged herein constitutes the use of false designations of origin in commerce and false representations in commerce that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or its Trademark, or as to the origin, sponsorship, or approval of Defendants' services.

29. Defendants' conduct complained of herein was and is intentional and willful.

30. Defendants' acts complained of herein have damaged Plaintiff and, unless enjoined, will continue to damage and cause irreparable injury to Plaintiff's reputation and goodwill. Plaintiff has no adequate remedy at law.

### COUNT III – COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)

31. Plaintiff incorporates paragraphs 1-29 as though fully set forth herein.

32. Plaintiff's Zoom account, mailing list, Facebook account, WhatsApp messenger group, launchpad.com account, Presidential Volunteer Service Award account and email accounts (collectively, the "Accounts") reside among other places, on Plaintiff's computers and on its computer network (including servers) located in Texas, which Defendants used in the United States.

33. Such computers, servers and computer networks function with individual data processing devices, are used in or affect interstate and are therefore "protected computers" under 18 U.S.C. § 1030(e)(2).

34. Defendants acted without authorization and exceeded the extent of authorized access to the Accounts. Without notice or prior authorization Defendants have used the Accounts to, among other things, communicate with Plaintiffs' members.

35. Through this unauthorized access, Defendants obtained information that is confidential and proprietary, and which provides a competitive advantage to Defendants.

36. Defendants knowingly and with intent to defraud, accessed or continue to access the Accounts without Plaintiff's authorization or in excess of any authorization, and by such conduct have furthered and are furthering the intended fraud, and have obtained something of value far exceeding $5,000 in a single calendar year.

37. As a result of this unauthorized access, Plaintiff has suffered a loss, consisting of, at least, the costs to investigate and respond to the unauthorized access, which exceed $5,000.

38. Through these actions, Defendants violated at least 18 U.S.C. § 1030(a)(2) and (a)(4).

39. Defendants knowingly, and with an intent to defraud, and in a manner that affects interstate commerce, trafficked in passwords and access codes to access the Accounts without notice to Plaintiff.

40. Through these actions, Defendants violated 18 U.S.C. § 1030(a)(6).

## COUNT IV – TEXAS THEFT LIABILITY ACT

41. Plaintiff incorporates paragraphs 1-39 as though fully set forth herein.

42. Plaintiff owned, possessed, and/or had the right to the immediate possession of its confidential, proprietary, and trade secret information, including the Accounts.

43. Under the Texas Theft Liability Act and TEX. PENAL CODE §§ 31.03, 31.05, Defendants committed theft by wrongfully taking, copying, downloading and/or misappropriating Plaintiff's confidential, proprietary, and trade secret information with the specific intent to deprive Plaintiff of the aforementioned property.

44. Defendants' bad acts include, but are not limited to, wrongfully stealing Plaintiff's documents and wrongfully accessing the Accounts to compete with Plaintiff.

45. Defendants' theft has caused Plaintiff to suffer substantial monetary damages within the jurisdictional limits of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants, as follows:

1. Defendants have violated 15 U.S.C. § 1114(1) of the Lanham act;

2.  Defendants have violated 15 U.S.C. § 1125(a) of the Lanham act;

3.  Defendants have violated the Computer Fraud and Abuse Act;

4.  Defendants have violated the Texas Theft Liability Act;

5.  For temporary, preliminary and permanent injunctions, restraining and enjoining Defendants, and their agents, employees, representatives, servants, successors, assigns, and all those acting under its control or the control of any of the foregoing persons and/or on their behalf and/or in concert with them, from continuing to use the Trademark, from unfairly competing with Plaintiff, from accessing the Accounts and from keeping Plaintiff's records.

6.  That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained by reason of the aforementioned violations to the full extent provided for by 15 U.S.C. §§ 1114(1) and 1125(a), and that those damages be trebled pursuant to 15 U.S.C. § 1117 in view of the willfulness of Defendant's actions.

7.  Directing Defendant or its attorneys to file with this Court and serve upon Plaintiff's counsel within 30 days of entry of judgment a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the requirements of the injunction and order.

8.  That Plaintiff be awarded all of Plaintiff's costs in this action, including Plaintiff's reasonable attorneys' fees and expenses;

9.  That Plaintiff be awarded such other and further relief as may be deemed just and proper by this Court.

DATED February 4, 2023.   Respectfully submitted,

By: */s/ Neal Massand*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com

**ORIGINAL COMPLAINT – PAGE  8**

Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Krystal L. McCool
Texas Bar No. 24082185
kmccool@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**